### STATE *v.* JESSE S. YOUNG.

Forgery may be committed of an unstamped instrument.

INDICTMENT, charging that respondent, June 24, 1867, "did falsely make and counterfeit" an order for the payment of $51.68, with intent to defraud. The order was set out in the indictment, and it did not appear that there was any U. S. Internal Revenue stamp thereon.

The respondent demurred.

*Attorney General* and *Solicitor*, for the State.

*Morrison & Stanley*, for respondent.

SMITH, J. The objection grounded on the want of a stamp cannot be sustained. The order, although unstamped, might, if genuine, be "apparently of some legal efficacy," (see 2 Bishop on Crim. Law, 3d Ed. sec. 495,) since any holder of it might, on application to the collector, be permitted to affix the proper stamp, upon payment of the penalty, or without any penalty, if the omission appeared to have been "by reason of accident, mistake, inadvertence, or urgent necessity, and without any wilful design to defraud the United States;" see U. S. Laws, statute July 13, 1866, sec. 9. If the act had contained no such provision for the subsequent affixing of the stamp, we should be slow to hold that Congress intended, by the passage of a revenue law, to make an alteration in the crime of forgery.

It is suggested by the respondent's counsel, that the indictment must fail for want of competent evidence to support it, since it is enacted that no writing "required by law to be stamped," shall be "admitted, or used

as evidence in any court until a legal stamp or stamps"　＊　＊　＊　＊ "shall have been affixed thereto, as prescribed by law." The provision of the statute allowing the stamp to be subsequently affixed, affords a sufficient answer to this objection, but there are also other answers equally satisfactory. This order is not a writing "required by law to be stamped." Stamps are required only upon true instruments, such as were "available without a stamp" before the act passed, "and which would be available afterwards with a stamp." If the respondent's position were correct, the respondent could not have been convicted under our statute, although he had affixed a forged stamp to the order. The instrument would in that case be no more duly stamped than it now is. The provision that an unstamped instrument shall not be used as evidence cannot be understood as excluding its use for all possible purposes.

If this section were construed in the literal sense contended for by the respondent, the unstamped instrument could not be used in evidence for the government in a prosecution to recover the penalty for omitting to affix a stamp. The statute undoubtedly precludes the use of an unstamped instrument as evidence upon which to found a recovery, or enforcement of the debt or liability which the instrument purports to create or secure, but it cannot be regarded as prohibiting its use for collateral purposes.

These views are substantially, and to some extent literally, the same that are taken by the English authorities on this subject. See 2 East. P. C. 954–6, ch. 19, sec. 45 ; 2 Russell on Crimes, 346–8.

*Demurrer overruled.*